**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MARIA HAYDEN,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-01176

Judge Manish S. Shah

Magistrate Judge Gabriel A. Fuentes

**PLAINTIFF'S RENEWED MOTION FOR LEAVE TO SERVE CERTAIN DEFENDANTS BY ELECTRONIC MEANS**

Plaintiff Maria Hayden respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 4(f)(3), for an order authorizing service of process by electronic means on the ten Schedule A defendants identified below (the "Defaulting Defendants"), and states as follows:

1. On February 11, 2026, the Court granted Plaintiff's *ex parte* motion and entered its Order for Leave to Conduct Expedited Discovery and Service of Process by E-Mail and/or Electronic Publication [16]. Summonses issued [18], and Plaintiff filed proof of service on February 25, 2026 [19].

2. On September 4, 2026, the Court entered a minute order [32] noting that if Plaintiff did not conduct a reasonably diligent search for defendants' addresses before February 11, 2026, the order granting leave to serve by electronic means was likely entered in error, and that researching addresses now would not retroactively authorize that service.

3. As the accompanying memorandum explains, Plaintiff does not ask the Court to find that the February 2026 showing was sufficient, or to treat the diligence since conducted as curing it after the fact. Plaintiff instead asks the Court to make the Article 1 finding *Kangol LLC v.*

*Hangzhou Chuanyue Silk Import & Export Co.*, 177 F.4th 793 (7th Cir. 2026), requires, on the present, per-defendant record set out in the accompanying declarations and Exhibit A, and to authorize service prospectively on that basis.

4. This motion is directed to ten defendants identified in Schedule A to the Complaint [2] as Nos. 1, 2, 5, 6, 7, 11, 15, 47, 54, and 59 (the "Defaulting Defendants"). It is not directed to Defendant No. 51, whose disclosed address has been verified against the Chinese corporate registry and as to which Plaintiff has submitted a request for service through the Central Authority of the People's Republic of China.

5. As set out fully in the accompanying Declaration of Yanling Jiang and Exhibit A, Plaintiff has been unable to ascertain any address at which any Defaulting Defendant could be served, notwithstanding a defendant-by-defendant investigation across three independent mapping services and the Chinese national corporate registry.

6. Plaintiff requests the relief set out in the accompanying proposed order: a finding that no address is known at which any Defaulting Defendant can be served within the meaning of Article 1 of the Hague Service Convention; an order authorizing service on each Defaulting Defendant by the same electronic means directed in the Court's order [16]; and a direction that Plaintiff re-transmit notice to each Defaulting Defendant within seven days of entry of the order, with responsive pleadings due twenty-one days after that transmission. Plaintiff does not ask the Court to give the February 2026 order any retroactive effect.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this motion and enter the accompanying proposed order.

DATED: September 15, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on September 15, 2026 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ Keith A. Vogt
Keith A. Vogt