**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MARIA HAYDEN,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-01176

Judge Manish S. Shah

Magistrate Judge Gabriel A. Fuentes

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANT NO. 51 BY ELECTRONIC MEANS**

Plaintiff Maria Hayden moves under Federal Rule of Civil Procedure 4(f)(3) for leave to serve Defendant No. 51, the last unserved Schedule A defendant, by electronic means. The Court's order of September 21, 2026 [38] granted that relief for ten other defendants and excluded Defendant No. 51, because Plaintiff had treated its address as known and had asked the Central Authority of the People's Republic of China to serve it. [34] at Section I; Vogt Decl. [34-1] ¶ 6. The Chinese authorities went to the registered address, did not find the company, and certified that there was "No such recipient at the address provided." Declaration of Yanling Jiang ("Jiang Decl.") ¶¶ 6-9, Exs. 2-3. The address is therefore not known within the meaning of Article 1: it was tested by the executing authority, and it failed.

## I. BACKGROUND

### A. The Defendant and its two addresses.

Defendant No. 51 sells on Amazon under the storefront name houyishangmaodian, seller ID A2WBH5952SHJY6. Jiang Decl. ¶ 4. Two physical addresses are associated with it.

The first is the business address on the Defendant's own live Amazon seller profile: 山西省朔州经济开发区招远路佳和枫景小区 C-14 号商铺, Shuozhou, Shanxi 036030 (the "Shuozhou address"). The business name on that profile, shanxihouyishangmaoyouxiangongsi, returned on Tianyancha a single active registered company, 山西厚益商贸有限公司 (Shanxi Houyi Trading Co., Ltd.), unified social credit code 91140691MA7XHWGQ4T, whose registered address is the same address. The profile gives the province on a separate line, 山西, where the registry writes it as the prefix 山西省 in the address itself; the difference is one of format only and makes no difference here, because both identify the same shop in the same compound. Jiang Decl. ¶¶ 4-5, Ex. 1. Plaintiff therefore treated the address as known and omitted this Defendant from its earlier motion.

The second is an address in Amazon's subpoena response for the same storefront, in Datong City, Shanxi 037000 (the "Datong address"), which does not match the registry. Jiang Decl. ¶ 11. Plaintiff's earlier filings described Defendant No. 51's "disclosed address" as verified against the registry. [34] at Section I; Vogt Decl. [34-1] ¶ 6; Status Report [36] (section on Defendant No. 51). That description referred to the Shuozhou address on the seller profile. A summons first issued to the Datong address [28]; once the registry search matched the Shuozhou address, the Clerk issued an alias summons to Shuozhou [30], and the Hague request went there. Jiang Decl. ¶¶ 4-6, 12.

**B. The Hague request and its return.**

On September 1-2, 2026, Plaintiff submitted a request for service on 山西厚益商贸有限公司 (Shanxi Houyi Trading Co., Ltd.) at the Shuozhou address to the Central Authority, under an alias summons issued for that address [30]. Jiang Decl. ¶ 6. The request was assigned Case No. 5241CNS20260902. *Id.*

On October 9, 2026, the Central Authority executed a Certificate under Article 6 of the Convention. It states that the document has not been served "by reason of the following facts": "No such recipient at the address provided." Jiang Decl. ¶ 7, Ex. 2. The executing authority also returned a service return form (送达回证) issued under the seal of the Shanxi Provincial High People's Court. In its remarks, the court recorded that its service personnel arrived at the 佳和枫景 compound on September 24, 2026, did not find 山西厚益商贸有限公司 (Shanxi Houyi Trading Co., Ltd.), asked the compound's property staff, and was told that none of the compound's shops contains the company; service was therefore not effected. Jiang Decl. ¶ 8, Ex. 3.

### C. Prior proceedings.

Plaintiff incorporates the procedural history set out in its earlier memorandum [34] and in the Court's orders [16] and [38]. The Court's September 21 order authorized electronic service on ten defendants and set a status report on Plaintiff's efforts to resolve the case against the remaining defendants for November 20, 2026 [37]. Defendant No. 51 has not appeared or responded to the Complaint. Jiang Decl. ¶ 15.

## II. THE ARTICLE 1 STANDARD

Rule 4(f)(3) permits service abroad "by other means not prohibited by international agreement, as the court orders." Where the Hague Service Convention applies, it "sets out the permitted methods of service and excludes all others," and because China has objected to Article 10, the Convention "prohibits service by email in China." *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 2026 WL 1502198, at *5-*6 (7th Cir. May 29, 2026).

But "the district court must first determine whether the Convention applies at all." *Id.* Article 1 provides that the Convention "shall not apply where the address of the person to be

served with the document is not known." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362, 658 U.N.T.S. 163. *Kangol* described the district courts' practice of requiring reasonable diligence before deeming an address unknown, and remanded without deciding the diligence question. *Kangol*, 2026 WL 1502198, at *4. Plaintiff applies the standard in *NBA Properties, Inc. v. Partnerships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021), which requires "reasonably diligent efforts to ascertain and verify [the] defendant's mailing address." *NBA Properties* also cited, as an example of sufficient diligence, a plaintiff who "investigated the available physical addresses of [an] online merchant to see if they were valid for service and determined they were not." *Id.* (citing, with "*cf.*," *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018)).

The Court's minute entry [32] raised the retroactivity concern: researching addresses "now would not retroactively authorize service" already made. Defendant No. 51, like the other Schedule A defendants, was sent electronic notice in February 2026 under [16]. Proof of that transmission is at [19-1], and the recipients included the address associated with this Defendant. Jiang Decl. ¶ 14. Plaintiff does not rely on that transmission as service; it seeks prospective authorization on the present record, with a fresh re-transmission and response period, as the Court ordered in [38].

## III. ARGUMENT

### A. Chinese authorities investigated the Shuozhou address on the ground, and Defendant No. 51 cannot be served there.

Unlike the other ten, this Defendant's address resolved to identifiable premises, and Plaintiff did not stop at the map or the registry. It took the step that *Li v. The Individuals,*

*Partnerships & Unincorporated Ass'ns Identified on Schedule A*, No. 1:26-cv-03970, minute entry [63], at 1 (N.D. Ill. Aug. 11, 2026), describes as "the next reasonable step of actually investigating those addresses," for example by "sending a test mailing or an on-foot investigator," to determine whether any corresponded to the defendant's mailing address. The Convention request put an official, on foot, at the Shuozhou address, and that official also asked the compound's property staff. The result is a sealed court record and a Central Authority certificate that the recipient is not at the address.

That is a stronger showing than a test mailing, because it comes from the executing authority the Convention itself designates and not from Plaintiff. It is also the kind of showing *NBA Properties* cited as sufficient: the available address was investigated "to see if [it was] valid for service," and it was determined that it was not. 549 F. Supp. 3d at 796 (citing *Shen*, 2018 WL 4757939, at *4).

The service return form does not say that the personnel entered shop unit C-14 or describe what occupies it. Jiang Decl. ¶ 9. But it does establish that the executing authority, having gone to the registered address, could not find the registered company there and could not serve it.

**B. The registry has not produced a different address.**

After the return, Plaintiff pulled a current Tianyancha report, generated October 13, 2026 (Beijing time). It lists the company as active, with no recorded change to its registered particulars. The registered address of 山西厚益商贸有限公司 (Shanxi Houyi Trading Co., Ltd.) is unchanged, and it is still the Shuozhou address. Jiang Decl. ¶ 10. There is no second registered address to which the request could be redirected. Plaintiff also notes that the Tianyancha search on the Defendant's business name returned a homophone entity, 山西厚意商贸有限公司

(pinyin "Shanxi Houyi Trading Co., Ltd."; same pronunciation, different characters), a different company which was cancelled in 2020 and registered in Taiyuan, a different city. Jiang Decl. ¶ 5.

**C. The Datong address does not change the Article 1 analysis.**

The standard is reasonable diligence, not exhaustion of every address that appears anywhere in the data. *Shen*, which *NBA Properties* cites, asks whether the plaintiff "exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." 2018 WL 4757939, at *4. Plaintiff has not taken a physical step at the Datong address. Jiang Decl. ¶ 12. It is nonetheless not a known address for Defendant No. 51, for three reasons. First, the Datong address does not appear in the registry for the only entity tied to this storefront. That entity's sole registered address is the Shuozhou address, and the executing authority has now reported that the entity is not there. Jiang Decl. ¶¶ 7-8, 10. Second, the Datong address is a residential unit, identified by building and unit number, in Amazon's subpoena response for the storefront, and nothing connects it to the registered entity. Jiang Decl. ¶ 11. Third, a residential unit that appears only in Amazon's subpoena response, matches no registered entity, and sits in a different city from the entity's registered premises is not an address that Plaintiff knows to be Defendant No. 51's. *NBA Properties* looks for verification and *Li* prefers a physical step. *NBA Properties*, 549 F. Supp. 3d at 796; *Li*, minute entry [63], at 1. But the Hague Convention route, which both authorities contemplate, has been run to completion against the one address tied to a registered entity, and it failed.

**D. The Court should enter the same form of order it entered in [38].**

Plaintiff asks for the order entered for the other ten Defendants: a finding that no address is known at which service of process could be effected, authorization of the same electronic means directed in [16], re-transmission within seven days with proof within three, and a twenty-one day response period running from that transmission. Under that structure Defendant No. 51

receives a fresh notice and a fresh deadline running only from an order supported by the present record.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court grant its motion and enter the proposed order.

DATED: October 15, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com
***ATTORNEY FOR PLAINTIFF***

*/s/ Yanling Jiang*
Yanling Jiang
JiangIP LLC
Bar No. 6309336
33 West Jackson Boulevard, #2W
Chicago, Illinois 60604
E-mail: yanling@jiangip.com
***CO-COUNSEL FOR PLAINTIFF***