**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MARIA HAYDEN,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-01176

Judge Manish S. Shah

Magistrate Judge Gabriel A. Fuentes

**DECLARATION OF YANLING JIANG IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANT NO. 51 BY ELECTRONIC MEANS**

I, Yanling Jiang, declare as follows:

**Introduction**

1. I am the principal of JiangIP LLC, co-counsel of record for Plaintiff Maria Hayden in this action, and a member of the bar of this Court. I make this declaration in support of Plaintiff's Motion for Leave to Serve Defendant No. 51 by Electronic Means.

2. I have personal knowledge of the matters stated in this declaration, except where stated on information and belief, and I would competently testify to them if called as a witness. Where this declaration recites the results of steps performed by others at my direction, I so identify them, and I have reviewed the underlying source material myself.

3. I am fluent in Mandarin Chinese and read simplified Chinese characters without translation. I have personally read, in the original Chinese, each Chinese-language document described below. The English renderings of Chinese-language text in this declaration are my own translations.

**Defendant No. 51 and its registered entity**

4. Defendant No. 51 is the Amazon storefront houyishangmaodian, seller ID A2WBH5952SHJY6. The business name on its live seller profile is shanxihouyishangmaoyouxiangongsi. The business address on that profile is 朔州经济开发区招远路佳和枫景小区 C-14 号商铺, 朔州市, 山西, 036030, CN (Shop C-14, Jiahe Fengjing Community, Zhaoyuan Road, Shuozhou Economic Development Zone, Shuozhou, Shanxi) (the "Shuozhou address"). I captured the profile page in August 2026, and a true and correct copy of the capture is attached as **Exhibit 1**.

5. In August 2026 I ran the verbatim business name from that profile through Tianyancha (天眼查), entering the query in Chinese characters. It returned two entities. The first is 山西厚益商贸有限公司 (Shanxi Houyi Trading Co., Ltd.), unified social credit code 91140691MA7XHWGQ4T, legal representative 李文斌, established August 5, 2022, status 存续 (active), with no 经营异常 ("abnormal operations") listing, and a registered address of 山西省朔州经济开发区招远路佳和枫景小区 C-14 号商铺, which is the same address as the Shuozhou address. The seller profile lists the province (山西) on a separate line, while the registry includes it as the prefix 山西省. The second is 山西厚意商贸有限公司 (pinyin "Shanxi Houyi Trading Co., Ltd."; same pronunciation, different characters), a homophone entity with a different unified social credit code, status 注销 (cancelled) on November 12, 2020, registered in Taiyuan. It is a different company. I treated the first entity as Defendant No. 51's registered entity.

**The Hague request and its return**

6. On September 1-2, 2026, a request for service on 山西厚益商贸有限公司 (Shanxi Houyi Trading Co., Ltd.) at the Shuozhou address was submitted to the Central Authority of the

People's Republic of China through its online portal, under the alias summons issued on August 26, 2026 [30]. The request was assigned Case No. 5241CNS20260902.

7. On October 9, 2026, Plaintiff received a Certificate under Article 6 of the Hague Convention, reference number 5241CNS20260902, executed at Beijing on 2026.10.09. The box for "that the document has not been served, by reason of the following facts" is checked, and the stated reason is "No such recipient at the address provided." A true and correct copy is attached as **Exhibit 2**.

8. Plaintiff also received a service return form (送达回证) issued under the seal of the Shanxi Provincial High People's Court (山西省高级人民法院), a true and correct copy of which is attached as **Exhibit 3**. It identifies the case as 1:26-cv-01176 of the United States District Court for the Northern District of Illinois; the person to be served as 山西厚益商贸有限公司 (Shanxi Houyi Trading Co., Ltd.); and the address as the Shuozhou address. It lists two documents, a summons with attachments (1 copy) and a complaint with evidentiary materials (1 copy). The signature boxes for the person served and for any person accepting on its behalf are blank. In the remarks, the court wrote by hand: "以上文书有中文译本。送达人一行于 2026 年 9 月 24 日到达佳和枫景小区，未找到'山西厚益商贸有限公司'，经询问物业工作人员，确认本小区商铺无该公司，故未能送达。" That translates as: "The above documents have Chinese translations. The service personnel arrived at the Jiahe Fengjing community on September 24, 2026, did not find 'Shanxi Houyi Trading Co., Ltd.', inquired of the property management staff, and confirmed that there is no such company among this community's shops; service therefore could not be effected."

9. The return form does not state that the service personnel entered Shop C-14 or describe what occupies it, and it does not name the personnel. The form is signed by hand with names I cannot read with certainty. I have not contacted the executing court.

10. After receiving the return, I obtained a Tianyancha Basic Enterprise Credit Report for 山西厚益商贸有限公司 (Shanxi Houyi Trading Co., Ltd.). The report states that it was generated on October 13, 2026 at 06:35:09 (Beijing time; October 12, 2026, 5:35 p.m. Central time). It shows the company's unified social credit code as 91140691MA7XHWGQ4T, status 存续 (active), legal representative 李文斌, registration authority 朔州市市场监督管理局开发区分局, and registered address 山西省朔州经济开发区招远路佳和枫景小区 C-14 号商铺, which is the same address as in paragraph 5 and the only registered address shown. Its record of changes to registered particulars (变更记录) lists none.

**The Datong address**

11. The data that Amazon produced in response to Plaintiff's subpoena in this action also lists, for this storefront, an address in Datong City, Shanxi: 山西省大同市城区福园 6 楼 1 单元 19 号, 大同市, 山西, 037000, CN (No. 19, Unit 1, Building 6, Fuyuan, Chengqu District, Datong, Shanxi) (the "Datong address"). This address appears to be a residential unit, but nothing connects it to the registered corporate entity. It does not match the registered address in paragraph 5.

12. I have not sent a Hague request, a test mailing, or an investigator to the Datong address. The Clerk issued a summons to the Datong address on August 25, 2026 [28]. After the registry search described in paragraph 5 returned a registered address matching the Shuozhou address, the Clerk issued an alias summons to the Shuozhou address on August 26, 2026 [30],

and Plaintiff used that address for the Hague request. Plaintiff took no other step as to the Datong address.

13. Plaintiff has no other address for Defendant No. 51.

**Service history and status**

14. In February 2026, notice of this action was transmitted to the Schedule A defendants by electronic means under the Court's order [16]. Plaintiff's counsel Keith A. Vogt filed his declaration of service on February 25, 2026 [19-1], stating that on that date he e-mailed the Complaint, Summons, and the Court's order to the e-mail addresses associated with the defendants' Amazon, Temu, and Walmart accounts, as provided by third parties, and published the same documents on a website. I have reviewed the e-mail sent on February 25, 2026 at 10:48 a.m. and its recipient list. The recipients include the e-mail address associated with Defendant No. 51. Defendant No. 51 is identified on Schedule A [2].

15. As of October 12, 2026, the docket reflects no answer, appearance, or motion by or on behalf of Defendant No. 51.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 15, 2026.

*/s/ Yanling Jiang*
Yanling Jiang
JiangIP LLC
Bar No. 6309336
33 West Jackson Boulevard, #2W
Chicago, Illinois 60604
E-mail: yanling@jiangip.com
***CO-COUNSEL FOR PLAINTIFF***